**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

LASHANDA M. SMITH

       Plaintiff,                        CASE NO. 07-12546
v.                                          HON. MARIANNE O. BATTANI

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

**OPINION AND ORDER OF THE COURT ADOPTING
REPORT AND RECOMMENDATION**

**I. INTRODUCTION**

Plaintiff LaShawnda M. Smith brings this action pursuant to 42 U.S.C. § 405(g), challenging the final decision of the Commissioner denying her application for disability insurance benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. § 423. Plaintiff filed her claim for DIB on September 9, 2003, alleging a disability onset date of October 30, 2002, due to pain in her right foot. After Plaintiff's claim was denied, she requested a hearing. Administrative Law Judge Bennett Engelman ("ALJ") presided over the June 5, 2006, hearing. After hearing testimony from Plaintiff and a vocational expert, the ALJ, in a decision dated July 17, 2006, found that Plaintiff could perform a significant range of sedentary work and denied benefits.

The Appeals Council denied Plaintiff's request for review of the ALJ's decision on May 18, 2007. Plaintiff timely filed this action for judicial review of the Commissioner's decision. The case was referred to Magistrate Judge Steven D. Pepe pursuant to 28

U.S.C. § 636. In his Report and Recommendation (R&R), Magistrate Judge Pepe recommended that the Plaintiff's Motion for Summary Judgment be denied and that the Defendant's Motion for Summary Judgment be granted.

Plaintiff timely filed objections to the R & R. For the reasons stated below, the Court adopts the Magistrate Judge's recommendation and denies Plaintiff's Motion for Summary Judgment and grants Defendant's Motion for Summary Judgment.

## II. STANDARD OF REVIEW

In cases where a magistrate judge has submitted a Report and Recommendation and a party has properly filed objections to it, the district court must conduct a *de novo* review of those parts of the Report and Recommendation to which the party objects. 28 U.S.C. § 636(b)(1). Review of the Commissioner's decision is limited to determining whether the findings are supported by substantial evidence and whether the Commissioner employed proper legal standards in reaching his conclusion. Brainard v. Sec'y of HHS, 889 F.2d 679, 681 (6th Cir. 1989). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Casey v. Sec'y of HHS, 987 F.2d 1230, 1233 (6th Cir. 1993). A decision which is supported by substantial evidence is not subject to reversal, even if the reviewing court might arrive at a different conclusion. Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (internal quotation omitted); Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

When determining whether the decision is supported by substantial evidence, the court must take into consideration the entire record, including "whatever in the record fairly

detracts from its weight." Mullen, 800 F.2d at 545. The scope of review is limited to examination of the record. Brainard, 889 F.2d at 681. Further, where the Appeals Council had declined to review the ALJ's decision, review is limited to the record and evidence before the ALJ. Cotton v. Sullivan, 2 F.3d 692, 696 (6th Cir. 1993). However, the court may not review the evidence *de novo*, make determinations of credibility or weigh the evidence. Brainard, 889 F.2d at 681. Credibility determinations by the ALJ should be accorded deference by the reviewing court. Mullen, 800 F.2d at 545 (internal quotation omitted).

## III. ANALYSIS

To establish a compensable disability under the Social Security Act, a claimant must show that he is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. §1382(a)(3)(A). The claimant bears the ultimate burden of establishing a disability within the meaning of the Social Security Act. Casey, 987 F.2d at 1233.

Disability claims are evaluated through a five-step sequential process. 20 C.F.R. § 404.1520. See also Kirk v. Sec'y of HHS, 667 F.2d 524, 529 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). The burden of proof to show a disability is on the claimant through the first four steps of the process. If a claimant meets this burden, the fifth step shifts the burden to the Commissioner. Preslar v. Sec'y of HHS, 14 F.3d 1107, 1110 (6th Cir. 1994). The first step of the process examines whether the claimant is currently engaged in substantial gainful activity. If the claimant is so engaged, he is not disabled under the

3

guidelines. The second step examines whether the claimant has a severe impairment which significantly limits his ability to perform work-related functions. Id. If a severe impairment is found, the third step requires comparison of the impairment to those impairments listed in Appendix I, 20 C.F.R. §404, Subpt. P (1981), to determine if, on the medical evidence alone, the claimant is disabled. Id. If the claimant is not disabled under the third step, the fourth step requires a determination of whether the claimant can perform relevant past work. If claimant cannot perform relevant past work, the fifth step shifts the burden to the Commissioner to establish that the claimant has transferable skills which enable him to perform other work in the national economy. Id.

Plaintiff objects to the ALJ's evaluation of the medical opinion offered by Megan Eagle, a family nurse practitioner. The merits of the objection are discussed below.

On January 20, 2006, Nurse Eagle completed a physical capacities evaluation of Plaintiff. She opined that Smith was limited to sitting no more than three hours, not continuously, standing for one hour and walking for one hour during the work day. Additionally, Plaintiff needed to lie down at unpredictable times. Nurse Eagle concluded that Smith could perform sedentary work with frequent breaks to stand/walk/ rest and could not work more than 4-6 hours per day. Tr. at 36.

The ALJ discounted the opinion, finding that the medical evidence did not demonstrate that the claimant should be limited to between four to six hours of work activity per day. The ALJ further concluded that the record did not support a limitation that Smith would be unable to stand or walk for up to two hours or sit for up to six hours during an eight-hour work day.

4

In her objections, Plaintiff relies on Social Security Ruling 06-3p, which was enacted after the ALJ issued his opinion, but before Plaitniff's appeal was denied. On August 9, 2006, the Social Security Administration issued Social Security Ruling (SSR) 06-3p, 71 Fed.Reg. 45,593 (Aug. 9, 2006), which clarified how it considers opinions from sources that are not what the agency terms "acceptable medical sources." In the SSR, the Commissioner recognized the impact of managed health care on patient care and acknowledged that nurse practitioners have assumed treatment and evaluation functions previously handled by physicians and psychologists. Id. Consequently, opinions from other medical sources, such as nurse practitioners, "are important and should be evaluated on key issues such as impairment severity and functional effects, along with other relevant evidence in the file." Id.

At the outset, the Court finds that even thought the ALJ issues his decision before the Commissioner adopted SSR 06-03p, it applies in this case because the ALJ's decision did not become final until her request for appeal was rejected. That occurred after the Commissioner adopted the ruling.

Its adoption does not alter the outcome. In the present action, the ALJ addressed Nurse Eagle's opinion and provided reasons why he rejected it. Compare Cruse v. Commissioner of Social Security, 502 F.3d 532, 2007 WL 2752888 at *8 (6th Cir. Sept. 24, 2007) ("Following SSR 06-03P, the ALJ should have discussed the factors relating to his treatment of the nurse practitioner's assessment, so as to have provided some basis for why he was rejecting the opinion."). The ALJ did not ignore Nurse Eagle's opinion or the fact that her treatment of Smith was on-going. He noted first that Nurse Eagle described

5

Plaintiff's condition as stable and improving with treatment. Tr. at 35. The ALJ likewise reviewed the physical capacities evaluation Nurse Eagle completed on January 20, 2006. He rejected her assessment that Plaintiff was limited to four to six hours of work each day. Id. at 26. He further explained why he discounted the opinion. Specifically, the ALJ declined to accord significant weight to the opinion because "the medical evidence does not demonstrate that the claimant should be limited to between four to six hours of work activity per day and that she would be unable to stand or walk for up to two hours or sit for up to six hours during an eight-hour work day. Tr. at 36, citing Exs. 7F, 8F, 9F, 13F, 14F, and 15F. The ALJ further noted that other treatment records show that the symptoms were treated exclusively with conservative measures and the record contained no objective declines in her condition or level of functioning. Id.

Even after enactment of SSR 06-03p, the ALJ retains discretion to determine the proper weight to accord opinions from sources such as nurse practitioners, and the ALJ's discussion satisfies the rule's requirements. Accordingly, the Court rejects Plaintiff's objections.

## V. CONCLUSION

For the reasons stated above, the Court **ADOPTS** the Magistrate Judge's recommendation and **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

**IT IS SO ORDERED.**

                                    s/Marianne O. Battani
                                    HON. MARIANNE O. BATTANI
                                    UNITED STATES DISTRICT JUDGE

DATE: September 19, 2008

**CERTIFICATE OF SERVICE**

Copies of this Opinion and Order were mailed to Kenneth F. Laritz and James A. Brunson on this date by e-filing and/or ordinary mail.

                                    s/Bernadette M. Thebolt
                                    Deputy Clerk